William Schumaker *vs.* St. Paul & Duluth Railroad Company.

April 8, 1891

Actions for Torts—Unforeseen Damages—General Rule.—The general
rule in actions in tort is that the damages recoverable are those resulting
directly from the wrongful act, whether they could or could not have
been foreseen or contemplated by the wrong-doer as the probable result
of the act done.

Same—What are Direct or Proximate Consequences of Act.—The di-
rect or proximate consequences of a wrongful act are those which occur
without any intervening cause, and, where an efficient adequate cause
for the injuries has been found, it must be considered as the true cause,
unless another, not incident to it, but independent of it, is shown to have
intervened.

Same—Question Ordinarily for Jury.—The question as to what is the di-
rect or proximate cause of an injury is ordinarily not one of science or of
legal knowledge, but of fact, for a jury to determine, in view of the ac-
companying circumstances.

Same—Injuries held Direct Result of Master's Negligence.—Where
the injuries complained of were caused *immediately* by the act of the
servant in walking from the point to which he had been transported and
put at work by the master, to a place where he could obtain necessary and

proper shelter and protection from the elements, the master cannot be relieved from liability, in case it appears that the servant's act in so walking was apparently rendered necessary by the master's negligent act, and was not, in itself, negligent.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly, J.,* presiding, overruling its demurrer to the complaint in an action to recover $15,000 for personal injuries.

*Wm. H. Bliss,* for appellant.

*Erwin & Wellington,* for respondent.

COLLINS, J.[1]   To plaintiff's complaint herein the defendant corporation interposed a demurrer, upon the ground that it failed to state facts sufficient to constitute a cause of action.   Upon the argument of this appeal defendant contended that its negligence in the premises was insufficiently pleaded; that the injury complained of, provided the same could be said to have been the result of defendant's act, was not proximate, but was too remote a consequence to be chargeable to it; and, further, that from the allegations of the complaint it was manifest that plaintiff himself was guilty of contributory negligence.   Very little need be said on any of these points, for none are well taken.   The complaint contains much that is superfluous, but in respect to negligence it avers the defendant's duty to have been to furnish transportation to plaintiff, a car-repairer in its employ, from the wrecked caboose, which he had been sent out to repair by the foreman, back to St. Paul, when he had completed his work, and that it wrongfully, unlawfully, and negligently failed and omitted so to do, or to furnish plaintiff with transportation to any other place where shelter or food could be obtained, and that by reason of such negligent failure and omission plaintiff was compelled to and did walk to the village of White Bear, a distance of nine miles, in the night-time, in extremely cold and dangerous weather, that being the nearest point at which the necessary shelter and food could be had; that placing reliance upon defendant's performance of its duty towards plaintiff when he had completed his work, by furnishing transportation back to St. Paul from the place on its line of road where

[1] Mitchell, J., took no part in the making or filing of this decision.

he had been taken to repair the caboose, plaintiff was wholly unprepared with means for properly sheltering or clothing himself. It was also averred that the facts and circumstances with reference to the location of the caboose, the inclemency of the weather, the distance to shelter or food, and that plaintiff, by reason of his reliance upon being transported back to St. Paul when through with his work, had not provided himself with proper clothing for such weather, were then well known to the defendant. The negligence of the defendant might have been specified with greater certainty, but from an inspection of the pleading it appears that defendant is charged with having unnecessarily and unreasonably placed its servant, the plaintiff, in serious danger, from which injury resulted, by carelessly and negligently omitting to perform a duty immediately connected with his work, on the performance of which he had a right to and did rely. With full knowledge of the situation as to weather and the locality, consequently of the danger to be apprehended, it neglected and abandoned the plaintiff under circumstances which he alleges resulted in personal injury to him. It had no more right to unnecessarily and unreasonably leave him in a dangerous place, to expose him to an unnecessary and unreasonable risk from the elements, by failing to furnish transportation from the place where he had been put at work, when that work was completed, it being its duty so to do, according to the complaint, than it had to unnecessarily and unreasonably expose him to risks and dangers while he was at work,—such risks and dangers as were discoverable by the use of ordinary precaution and diligence. The defendant should have been reasonably diligent, and could not, without incurring liability, desert the plaintiff in the manner and under the circumstances set forth in the complaint.

The important question in this case, however, is whether, from the complaint, it appears that defendant is liable for the injuries which resulted from plaintiff's efforts to obtain shelter and food on the occasion referred to; the former, as before stated, arguing that, as alleged, they are too remote, and are not the proximate results of its act. It is averred that, by reason of the unavoidable exposure of the plaintiff, he was made sick, contracted rheumatism, has ever since suffered great pain and agony, and has been permanently injured.

It must not be forgotten that the *gravamen* of the action is the negligence and carelessness of the defendant in leaving plaintiff at a place where he could not procure either shelter or food. It is an action in tort, and not for a breach of contract. It is the negligence of the defendant which is complained of, and not the breach of a contract to return the plaintiff to St. Paul when he had performed his labor. It was, of course, essential that the plaintiff's relation with the defendant be made to appear, for, unless he was a servant to whom the defendant owed a duty, there could arise no liability by reason of its neglect to perform that duty. The relation of master and servant first having been shown to exist, the law fixes the duty of the former towards the latter, and a violation of this duty is a wrong, not a breach of the contract. This, then, is an action in which the wrongdoer is liable for the natural and probable consequences of its negligent act or omission; the general rules which limit the damages in actions of tort being, in many respects, different from those in actions on contracts. The injury must be the direct result of the misconduct attributed, and the general rule in respect to damages is that whoever commits a trespass or other wrongful act is liable for all the direct injury resulting therefrom, although such resulting injury could not have been contemplated as a probable result of the act done. 1 Sedg. Dam. 130, note, and cases cited; *Clifford* v. *Denver, etc., R. Co.,* 9 Colo. 333, (12 Pac. Rep. 219,) a case much like this. He who commits a trespass must be held to contemplate all the damages which may legitimately flow from his illegal act, whether he may have foreseen them or not; and, so far as it is plainly traceable, he must make compensation for the wrong. The damages cannot be considered too remote if, according to the usual experience of mankind, injurious results ought to have been apprehended. It is not necessary that the injury, in the precise form in which it in fact resulted, should have been foreseen. It is enough that it now appears to have been a natural and probable consequence. *Hill* v. *Winsor*, 118 Mass. 251. The question is whether the negligent act complained of—leaving the plaintiff in the open country in the night-time, in extremely cold and dangerous weather, a long distance from shelter or food—was the direct cause of the injuries mentioned in the complaint, or whether

it was a remote cause, for which an action will not lie; and it must be taken for granted that the walk of nine miles and incident exposure brought about the alleged sickness, pain, and disability. There was no intervening independent cause of the injury, for all of the acts done by the plaintiff, his effort to seek protection from the inclement and dangerous weather, were legitimate, and compelled by defendant's failure to reconvey him to the city. Had he remained at the caboose, and lost his hands or his feet, or perhaps his life, by freezing, no doubt could exist of the defendant's liability. It must not be permitted to escape the consequences of its wrong because the injuries were received in an effort to avoid the threatened danger, or because they differ in form or seriousness from those which might have resulted had the plaintiff made no such effort.

An efficient, adequate cause being found for the injuries received by plaintiff, it must be considered as the true cause, unless another, not incident to it, but independent of it, is shown to have intervened between it and the result. This is the substance of very clear statements of the law found in *Kellogg* v. *Chicago & N. W. Ry. Co.*, 26 Wis. 223, and in *Milwaukee & St. Paul Ry. Co.* v. *Kellogg*, 94 U. S. 469. And upon the point now under consideration we fail to distinguish between the case at bar and *Brown* v. *Chicago, Mil. & St. Paul Ry. Co.*, 54 Wis. 342, (11 N. W. Rep. 356, 911,)— an action brought to recover for like damages said to have been caused by directing passengers to alight from a train at a place about three miles distant from their destination. At all events, the question as to what was the proximate cause of a plaintiff's injuries is usually one to be determined by a jury. As was said in *Milwaukee & St. Paul Ry. Co.* v. *Kellogg, supra*, the true rule is that what is the proximate cause of an injury is ordinarily one for a jury. It is not a question of science or legal knowledge. It is to be determined as a fact, in view of the circumstances attending it.

Finally, the defendant insists that plaintiff was guilty of contributory negligence, because, from the complaint, it appears that he was wholly unprepared with clothing sufficient for the occasion, and because he left the shelter of the caboose when he undertook his journey upon foot to the village of White Bear. The plaintiff, undoubt-

edly, went prepared with such clothing as he would ordinarily and naturally need for the occasion, had the defendant performed its alleged duty, and this was all that was required of him. He was not obliged to anticipate the defendant's negligence or omission, and prepare for it; nor does it follow that, because there was a caboose at the place where he worked, it afforded him adequate and proper shelter for the night. If this was the fact, it can quite properly be shown as a defence upon the trial of the case. But the complaint negatives such a conclusion.

Order affirmed.