Cheshire,  
April 1, 1913.

### ANSEL J. WHITTEMORE *v.* BOSTON & MAINE RAILROAD.

Questions of law once decided are not ordinarily re-examined upon a subsequent transfer of the same cause.

One who continues his journey on foot after wrongful ejection from a railroad train, and thereby suffers injury through aggravation of a previous malady, may recover therefor when it appears that he exercised reasonable care in view of all the circumstances; and in such case the damage sustained is deemed to be a direct consequence of the defendants' tortious act, although it could not have been foreseen by them.

CASE, for ejecting the plaintiff from the defendants' train at Hinsdale, on October 1, 1909. Trial by the court. Transferred from the October term, 1912, of the superior court by *Chamberlin,* J. The case is the same as that reported in 76 N. H. 388.

The plaintiff bought a ticket from the defendants' agent at Hinsdale, for passage from Hinsdale to West Swanzey, and boarded the train. Before the train started he was observed by the defendants' conductor, who claimed that he had ridden without the payment of fare and without right from South Vernon, Mass., to Hinsdale, and who, when informed by the plaintiff that he had no money to pay the fare from South Vernon which was demanded, ejected him from the train and refused to permit him to ride thereon.

There was evidence tending to show that the plaintiff was ejected about eleven o'clock in the forenoon, and that he was anxious to return to his home in West Swanzey. There was no other train he could take until late in the afternoon, and he did not know that he would be allowed transportation upon it and did not inquire about it He had no money or means with which to purchase refreshments, and had informed the conductor that he did not have money to pay the fare from South Vernon to Hinsdale. In order to procure dinner, he voluntarily returned the ticket which he had bought at Hinsdale, received back the price, purchased and ate dinner, and started to walk to his home. From the exertion of this walk he sustained a severe aggravation of a previous injury to the scrotum.

The plaintiff offered evidence of damage due to the aggravation of his prior injury and excepted to its exclusion. The court also excluded all evidence of damages sustained after the plaintiff surrendered his ticket, and the plaintiff excepted.

At the close of the plaintiff's evidence and again at the close of all the evidence, the defendants moved for judgment on the ground that, upon the facts appearing in the statement of the case heretofore transferred, it would have been a violation of the federal interstate commerce law for the defendants' conductor not to have refused to permit the plaintiff to travel upon the train on which such refusal was made, on the ticket from Hinsdale to West Swanzey, without collecting the unpaid fare from South Vernon to Hinsdale. The defendants made these motions for the purpose of saving their rights to have the question involved transferred to the federal court and excepted to their denial.

*Joseph Madden* (by brief and orally), for the plaintiff.

*Edgar J. Rich* (of Massachusetts) and *John E. Allen* (*Mr. Allen* orally), for the defendants.

Bingham, J. Upon a former transfer of this case (*Whittemore v. Railroad,* 76 N. H. 388) it was decided that the defendants' act in ejecting the plaintiff from their train at Hinsdale after he had purchased a ticket from Hinsdale to West Swanzey was wrongful. This conclusion was reached upon the theory that the plaintiff's journey or contract of carriage from South Vernon to West Swanzey was, on the facts found, terminated at Hinsdale when the defendants ejected him from the train, and that thereafter he was entitled to the same rights and should have been accorded the same privileges as were due any other member of the public applying for transportation. If this decision involved the determination of a federal question, the defendants no doubt can preserve their rights and have the question reviewed in the federal court; but questions once decided in this court are not re-examined in the same case upon a subsequent transfer. *Kidd* v. *Trust Co.,* 75 N. H. 154, 158.

There remains to be considered the question presented by the plaintiff's exceptions to the ruling of the trial court excluding certain evidence that was offered upon the question of damages, and which tended to prove that the plaintiff sustained an aggravation of a previous injury by walking a portion of the distance to his home in West Swanzey. It is conceded by the defendants that the fact the plaintiff surrendered his ticket and received back his money does not preclude him from recovering such damages as he sustained that were directly due to their tortious act. *Boothby* v. *Railway,* 66 N. H. 342; *Coy* v. *Company,* 146 Ind. 655, 662–665;

*Schumaker* v. *Railroad*, 46 Minn. 39; *Christianson* v. *Railway*, 67 Minn. 94, 97; 1 Sedg. Dam. (9th ed.), *ss*. 140–143; 25 Harv. Law Rev. 103, 223, 303. Their contention is that, inasmuch as the plaintiff might have taken the afternoon train or some other mode of conveyance to his home, he cannot recover damages arising out of an aggravation of a previous injury and incurred by making the journey on foot. But the fact that he made the journey on foot, when he might have awaited the arrival of the afternoon train or procured some other mode of conveyance, is not determinative of the question. The solution is rather to be found by ascertaining whether the plaintiff, in view of all the circumstances, exercised reasonable care when he concluded to make the trip on foot; and if he did, the jury would be warranted in finding that the damages he sustained by reason of the aggravation of his previous injury were a direct consequence of the defendants' tortious act, without regard to whether the particular damage could or could not have been foreseen by them. *Tuttle* v. *Farmington*, 58 N. H. 13; *Boynton* v *Somersworth*, 58 N. H. 321; *Rafferty* v. *Drew*, 64 N. H. 616; *Boothby* v. *Railway*, 66 N. H. 342, 344; *Seeton* v. *Dunbarton*, 73 N. H. 134, 137; *Prescott* v. *Robinson*, 74 N. H. 460, 461, 462; *Brown* v. *Railway*, 54 Wis. 342; 3 Sedg. Dam. (9th ed.), *ss*. 870, 871, 872. As there was evidence from which it could have been found that the plaintiff exercised due care in the particular named, the evidence objected to was improperly excluded.

*Exceptions sustained.*

All concurred.