KIRCHEN, Appellant, vs. TISLER and others, Respondents.*
*June 7—July 12, 1949.*

* Motion for rehearing denied, without costs, on October 11 and November 29, 1949.

*Dudley O. Emmert* of Manitowoc, for the appellant.

For the respondents Joseph R. Tisler and United National Indemnity Company there was a brief by *Schmitz & Schmitz* of Manitowoc, and oral argument by *Woodrow Schmitz*.

For the respondents John D. Lahey and Milwaukee Automobile Insurance Company there was a brief by *Hougen, Brady & Murphy* of Manitowoc, and oral argument by *F. A. Murphy*.

FRITZ, J.    The plaintiff alleged in his complaint that the collision in question occurred on North Eighth street, in the city of Manitowoc while plaintiff's car and the individual defendants' cars were going in a northerly direction on that street; and that the accident occurred when Tisler attempted to pass plaintiff's car and in so doing cut sharply to the right or east side of the highway and collided with his car; and Lahey's car traveling north on the street thereupon collided with the rear of Kirchen's car and instantaneously Bodart's car collided with the rear of Lahey's car.

The roadway of Eighth street was forty-two feet wide. There were some conflicts in the evidence on the trial, but it fairly admitted of the jury and the court considering the fol-

lowing facts established thereby: After Kirchen had just parked his car at the east curb of the street to enable members of his family to enter the car, he, without giving any signal or warning to the drivers of approaching northbound cars, started to drive his car westward and northward in the adjacent lane for northbound traffic, with the intention of passing an automobile parked just ahead of his car at the east curb and thereupon turning back to the east again in order to stop at the curb ahead of that parked automobile. As Kirchen was starting to enter and turn northward in that adjacent lane, the left front side of his car collided with the right front side of Tisler's northbound car, which had been rapidly approaching in that lane before Kirchen started to turn into it. Lahey was closely following Tisler's car in that lane and immediately upon the collision between Kirchen's and Tisler's car the right front side of Lahey's northbound car collided with the right rear side of Kirchen's car; and Bodart's northbound car, which was following Lahey's car in that lane, "instantaneously," as alleged in Kirchen's complaint, collided with the rear right side of Lahey's car.

Although there were conflicts in the evidence as to facts and circumstances in relation to the speed and manner in which the cars in the collision were being driven, and their relative location in the street at the time in question, it is obvious from the record on this appeal that the evidence reasonably admitted of the jury's finding to the following effect:

1. That Tisler was *not* negligent in operating his car in respect to lookout, control and management, and passing; but that he *was* negligent in respect to *speed* and that such negligence of Tisler was a cause of the collision between his and Kirchen's cars; but that such negligence of Tisler was *not* a cause of the collision between the Lahey and Kirchen cars.[1]

2. That Lahey was negligent in respect to *lookout and speed;* and that such negligence was a cause of the collision between his and Kirchen's car.

---

[1] See memorandum on motion for rehearing, post, p. 214.

3. That Kirchen was negligent in respect to *lookout* and *failing to yield the right of way* to Tisler, and that such negligence was a cause of the collision between Tisler's and Kirchen's car.

In addition, the jury found that Kirchen's negligence was not a cause of the collision between his and Lahey's car.

In relation to the issues as to comparative negligence of Tisler, Lahey, and Kirchen, the jury found that of the total causal negligence there was attributable to Tisler twenty-five per cent; to Lahey twenty-five per cent, and to Kirchen fifty per cent.

There were also findings by the jury that as to the combined negligence of Tisler and Kirchen, forty per cent thereof was attributable to Tisler and sixty per cent to Kirchen.

Likewise, as to the combined negligence of Lahey and Kirchen, the jury found that seventy-five per cent thereof was attributable to Lahey and twenty-five per cent thereof was attributable to Kirchen.

The trial court, in deciding the motions after verdict, stated:

"The Kirchen and Tisler cars collided first. As a result, . . . the Tisler car was damaged. . . . His car was not struck in the collision between the Kirchen and Lahey cars, the latter of which cars was closely following the Tisler car. As a result of the collision between the Kirchen and Tisler cars the front fender of the Kirchen car was damaged in the sum of $20. All other damages sustained by Kirchen resulted from the collision between Lahey's and Kirchen's cars which collision *momentarily* followed the collision between the Kirchen and Tisler cars. . . .

"At the time the verdict was drafted, the court had in mind the subject matter of concurrent and intervening causes. I have now had time to make a study of the situation and have come to the conclusion that there was no intervening cause. . . . I have come to the conclusion that there was concurrent cause."

Therefore, the court ordered stricken the jury's findings in the special verdict that Kirchen's negligence as to lookout

and as to failing to yield the right of way to Tisler were *not* causes of the collision between Kirchen's and Lahey's cars. In place of the jury's finding in this respect, the court on its own motion inserted answers that Kirchen's negligent lookout and his failure to yield the right of way to Tisler were causes of the collision between the Kirchen and Lahey cars.

Thereupon the court concluded that Tisler and Lahey were entitled to judgment against Kirchen in proportion to the jury's finding that of the combined causal negligence of Tisler, Lahey, and Kirchen, fifty per cent was attributable to the latter and twenty-five per cent thereof was attributable, respectively, to Tisler and likewise to Lahey.[1]

In view of the answers by the jury, in its special verdict, which were approved by the court, and the changes rightly made and ordered by the court in respect to the other answers stated above, the court's conclusions that Kirchen's and Tisler's and Lahey's negligent causes of the collision were concurrent, so that there was in this case no intervening cause by reason of negligence on the part of Lahey, were based on and warranted by the rule applied in *Kiviniemi v. American Mut. L. Ins. Co.* 201 Wis. 619, 231 N. W. 252, and *Felix v. Soderberg*, 207 Wis. 76, 240 N. W. 836, *Butts v. Ward*, 227 Wis. 387, 279 N. W. 6.

In the *Kiviniemi Case, supra*, Mrs. K. was injured as a result of the negligence of a driver of a truck which collided with a car in which she was riding with her husband. She was severely injured, and so dazed and hysterical that she did not know what she was doing and while trying to get back into their car, she was struck by another car which was passing. In determining that the action of the driver of the other car was not an intervening responsible cause, the court said (p. 625):

"The question resolves into whether the action of the driver of the second car operated as an independent intervening responsible cause. We find the governing principle quoted in

---

[1] See memorandum on motion for rehearing, *post*, p. 214.

1 Thompson, Commentaries on Negligence, sec. 49, from *Schumaker v. St. Paul & D. R. Co.* 46 Minn. 39, 48 N. W. 559, which statement is also found in the syllabus to *Kellogg v. Chicago & N. W. R. Co.* 26 Wis. 223, although hardly justified by anything in the body of the opinion, as follows: 'An efficient, adequate cause being found for the injuries received by the plaintiff, it must be considered as the true cause, unless another, not incident to it, but independent of it, is shown to have intervened between it and the result. . . .

" 'The inquiry must therefore always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury.' The author in sec. 52 states a deduction of the general rule as follows: 'Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately and directly brought about by intervening causes if such intervening causes were set in motion by the original wrongdoer. . . . The inquiry should be as to whether the original wrongful act was the antecedent, efficient, and dominant cause which put the other causes in operation.' Here the second collision followed so closely upon the first that the immediate effect of the first upon Sanni was still in operation when the second occurred. The second cause was put in operation by, was connected with and incident to the first cause; it was not disconnected with it or independent of it; it was the dominant cause which set the other in operation." (See also *Butts v. Ward,* 227 Wis. 387, 404, 279 N. W. 6.)

As the collisions between Tisler's and Kirchen's cars and the collision between the Kirchen and Lahey cars were almost instantaneous, the negligence of each of these parties was a proximate cause of the collisions between their cars, and as the causal negligence attributable to Tisler and likewise to Lahey was only twenty-five per cent, and the fifty per cent attributable to Kirchen is greater than that of either Tisler or Lahey, each of them is entitled to recover his damages from Kirchen,—diminished by twenty-five per cent due to his contributory negligence,—and Kirchen is not entitled to any recovery. Consequently, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

The following memorandum was filed October 11, 1949:

FRITZ, J. (*on motion for rehearing*). The statement preceding the opinion,—heretofore filed,—that judgment was entered against Kirchen's insurer is erroneous. Kirchen's insurer was not a party in the action. In stating in the opinion that the jury's finding that Tisler was negligent in respect to speed, and that such negligence was a cause of the collision between his and Kirchen's car, there was inadvertently added: "*but such negligence of Tisler was not a cause of the collision between the Lahey and Kirchen cars.*" There was no finding to that effect, and it is not a basis for the grounds upon which the judgment was affirmed.

In stating that the trial court on motions after verdict ordered Tisler's recovery of the damages assessed by the jury reduced to seventy-five per cent thereof, because of the jury's finding as to negligence attributable to him, there was overlooked the court's amended decision that under another jury finding Tisler was entitled to recover only sixty per cent of the assessed damages. However, as the judgment entered accordingly for the lower amount was to Kirchen's advantage, and has been affirmed, the oversight is immaterial.