WENZEL (Henry), Plaintiff and Appellant, vs. WERCH (Emil) and others, Defendants: CHRISTMAN and another, Defendants and Respondents. [Case No. 71.]

WENZEL (Clarence), Plaintiff and Appellant, vs. WERCH (Emil), Defendant: CHRISTMAN and another, Defendants and Respondents. [Case No. 72.]

WERCH (Dwain), by Guardian *ad litem,* Appellant, vs. CHRISTMAN and others, Respondents. [Case No. 73.]

*October 13—November 15, 1949.*

Cases Nos. 71 and 72:

*William H. Dieterich* and *John L. Newman,* both of Milwaukee, for the appellants.

For the respondents there was a brief by *D. J. Regan* of Milwaukee, attorney, and *O'Meara & O'Meara* of West Bend of counsel, and oral argument by *Mr. Regan.*

Case No. 73:

For the appellant there was a brief by *Schloemer & Stoltz* of West Bend, and oral argument by *C. J. Schloemer.*

For the respondents William J. Christman and Milwaukee Auto Insurance Company there was a brief by *D. J. Regan* of Milwaukee, attorney, and *O'Meara & O'Meara* of West Bend of counsel, and oral argument by *Mr. Regan.*

*Cannon & Meister* of West Bend, attorneys, and *Kivett & Kasdorf* of Milwaukee of counsel, for the respondents Clarence Wenzel and Celina Mutual Casualty Company.

BROADFOOT, J. Both Henry Wenzel and Clarence Wenzel upon their respective appeals contend that the trial court erred in the following respects: (1) In failing to submit to the jury a question of Christman's negligence as to lookout; (2) in failing to frame a verdict which would permit the jury to find that Christman's negligence caused the injuries to the Wenzels and not to the Werches; (3) in refusing to grant a directed verdict for the Wenzels, referring only questions as to their damages to the jury; (4) in its instructions to the jury relative to the negligence of Christman; (5) in refusing to grant judgments for the plaintiffs Wenzel against Christman and his insurance carrier notwithstanding the verdict; and (6) in refusing to grant a new trial to the Wenzels in the interest of justice.

The appellant Dwain Werch, by his guardian *ad litem,* contends that the trial court erred in the following respects: (1) In failing to submit to the jury a question of Clarence Wenzel's negligence as to lookout; (2) in instructing the jury as to the emergency rule; (3) in giving instructions that overemphasized the duty of Emil Werch while submerging the duties of Clarence Wenzel and William J.

Christman, which instructions were prejudicial to Dwain Werch; and (4) in permitting the minor guest to be represented by the same attorney as his father, the host driver.

At the time the verdict was being prepared, there was a conference between the court and the attorneys for the respective parties. Considerable time was spent in discussing the issues and the questions to be submitted. The trial court had heard the evidence. The attorneys for the Wenzels moved that separate questions be submitted as to the negligence of Christman toward the Wenzels and toward the occupants of the Werch car. The court was also requested to submit questions permitting the jury to find negligent lookout on the part of both Christman and Clarence Wenzel. The trial court held that the evidence showed the two collisions to be concurrent and that the issues could not be submitted to the jury as if there were two separate accidents with the possible negligence of the driver Christman as an independent intervening responsible cause.

It is clear from the record that the negligence of Werch was the primary and dominating cause of the accident. The rule in the case of concurrent accidents was stated in *Kiviniemi v. American Mut. L. Ins. Co.* 201 Wis. 619, 625, 231 N. W. 252, as follows:

"The question resolves into whether the action of the driver of the second car operated as an independent intervening responsible cause. We find the governing principle quoted in 1 Thompson, Commentaries on Negligence, sec. 49, from *Schumaker v. St. Paul & D. R. Co.* 46 Minn. 39, 48 N. W. 559, which statement is also found in the syllabus to *Kellogg v. Chicago & N. W. R. Co.* 26 Wis. 223, although hardly justified by anything in the body of the opinion, as follows: 'An efficient, adequate cause being found for the injuries received by the plaintiff, it must be considered as the true cause, unless another, not incident to it, but independent of it, is shown to have intervened between it and the result. . . .

" 'The inquiry must therefore always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury.' The author in sec. 52 states a deduction of the general rule as follows: 'Whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately and directly brought about by intervening causes if such intervening causes were set in motion by the original wrongdoer. . . . The inquiry should be as to whether the original wrongful act was the antecedent, efficient, and dominant cause which put the other causes in operation.' Here the second collision followed so closely upon the first that the immediate effect of the first upon Sanni was still in operation when the second occurred. The second cause was put in operation by, was connected with and incident to the first cause; it was not disconnected with it or independent of it; it was the dominant cause which set the other in operation." (See also *Butts v. Ward,* 227 Wis. 387, 404, 279 N. W. 6; *Kirchen v. Tisler,* 255 Wis. 208, 38 N. W. (2d) 514.)

The trial court was correct in its analysis of the testimony presented and the questions as submitted were proper. The questions submitted covered all the necessary issues upon which there was a conflict in the evidence. The version of Emil Werch and his son as to how the accident happened was so different from the version of the Wenzels and other witnesses that there was a jury issue, and the trial court could not properly have directed a verdict for the Wenzels.

Wenzel saw the Werch car as he was driving up the grade from the dip in the highway, a distance of approximately three hundred feet, and apparently, so far as the record discloses, as soon as it was possible for him to do so. Christman was operating his automobile in a proper manner, at a lawful rate of speed, and on his own side of the highway. He had followed the Wenzel car for a considerable distance with approximately the same space between the cars without any difficulty. He was well aware that the Wenzel car was in front

of him.  Christman did testify that he did not see the collision between the Wenzel and Werch cars.  Upon hearing the noise of the collision he looked up and saw the Wenzel car in the air.  A similar situation appears from the facts in the case of *Bourestom v. Bourestom,* 231 Wis. 666, 285 N. W. 426.  Three cars were involved in that accident.  Bourestom and his wife were proceeding along a highway in the state of Oklahoma.  For a distance of about a mile they had followed another car at a speed between thirty-five and sixty miles per hour and at a distance of from twenty to thirty feet behind the other car.  Suddenly the car ahead of Bourestom swerved to the left and then for the first time there was revealed to Bourestom the headlights of a car approaching in the opposite direction.  A collision occurred between the Bourestom car and the car coming from the opposite direction.  In that case the court said (p. 671) :

"There is no evidence in the record to sustain the finding that failure as to lookout was a cause of the accident.  The plaintiff admits that as the car ahead swerved and she saw the lights of the oncoming car, the accident happened in a flash.  Mr. Lyon and the defendant gave similar testimony. Bourestom testified that he heard his wife scream before he saw the headlights, but the plaintiff's scream and the defendants' discovery of the invading car must have been practically simultaneous, and because of the proximity of the cars to each other at the first instant when the danger could be discovered, it is evident that there was not time to apply the brakes or to turn the car aside. . . ."

Under the circumstances revealed by the record upon the trial, it cannot be said that Christman's lookout or want of lookout was an independent intervening responsible cause of the damages sustained by any of the appellants.

The instructions of the court were proper.  Its instructions as to the emergency rule were applied to all of the parties equally and not to Christman and Clarence Wenzel specifically.

We find further from an examination of the record that the trial court did not abuse its discretion in failing to grant a new trial in the interest of justice.

The final contention is that the court erred in permitting the minor appellant guest to be represented by the same attorney as the host. In support of this contention the appellant quotes Canon 6 of Canons of Professional Ethics of the American Bar Association as follows:

"It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

At 7 C. J. S., Attorney and Client, p. 827, sec. 47, in relation to attorney and client, the following is stated:

"Only a party who sustains a relation of client to an attorney who undertakes to represent conflicting interests may be entitled to object to such representation."

In the present case it appears that Emil Werch and Dwain Werch were father and son; both received injuries in the same accident; both testified that Clarence Wenzel and Christman were wholly at fault for the accident and their injuries. Under the circumstances here, Dwain Werch could not recover from his father. Their interests were not in conflict, but on the contrary each was interested in showing negligence on the part of the other drivers involved. There was no error in this situation. See *Forecki v. Kohlberg,* 237 Wis. 67, 295 N. W. 7, 296 N. W. 619.

*By the Court.*—Judgments affirmed.