359 P.2d 753

STATE of Arizona, Appellee,

v.

Eugene GARAYGORDOBIL, Appellant.

No. 1181.

Supreme Court of Arizona.

Feb. 23, 1961.

James F. Haythornewhite and William E. Hildebrandt, Nogales, for appellant.

Wade Church, former Atty. Gen., George W. Oglesby, former Asst. Atty. Gen., Robert W. Pickrell, present Atty. Gen., and James D. Hathaway, County Atty. of Santa Cruz County, Nogales, for appellee.

BERNSTEIN, Vice Chief Justice.

Eugene Garaygordobil (hereinafter called "defendant") was convicted under A.R.S. § 35–301 upon charges of wrongfully appropriating from the Santa Cruz County treasury an amount of public money in excess of $50,000 from 1951 through 1959, and under A.R.S. § 38–421 for falsifying during that period the public records of the treasurer's office. He now appeals from this judgment and the order of the trial court denying his motion for new trial.

The defendant has submitted six assignments of error which we shall discuss as essentially three. The defendant first assigns as error that the ruling of the trial court denying his motion to join Mr. Nasib Karam, the Nogales city attorney, as defense counsel, violated the constitutional rights of the defendant to be represented by counsel of his own choosing.

With respect to this assignment of error the facts appear as follows: The defendant on September 16, 1959, was arrested in California, waived extradition and returned to Arizona. Upon his return, he appeared in the Justice Court, Number 1 Precinct of Santa Cruz County which had issued the warrant for his arrest, together with Mr. Nasib Karam, who the defendant had for many years retained as his family counsel, and was released by the magistrate upon his own recognizance. The county attorney then filed an entry of *nolle prosequi* (which we assume meant "dismissing the action") in the justice court and refiled the charges in the Nogales City Police Court, in which court the preliminary examination was held and the defendant bound over for trial.

Mr. Karam temporarily withdrew from the case prior to the defendant's preliminary examination before the city magistrate and the counsel who have prosecuted this appeal were retained by the defendant. Prior to the commencement of the trial in the Superior Court, Mr. Karam considered the conflict of interests problem that might arise if he attempted to represent the defendant during the trial. He discussed the matter with other attorneys in the area, informed the mayor and the majority of the City Council of Nogales and sought an opinion from the State Bar of Arizona. After receiving the opinion from the State Bar,[1] Mr. Karam decided that he could represent the defendant at the trial because: (1) The mayor and city council had given their permission for him to defend the defendant; (2) during the fifteen years he served as city attorney, he appeared only five times to prosecute persons charged with violating a city ordinance or statute; (3) during his term as city attorney, he had many times represented defendants charged in criminal actions, and accepted appointments to represent indigent defendants; and (4) he concluded that representing the

1. The opinion stated:
   "Considering the difference in the duties of most city attorneys in this State and those of city attorneys in other jurisdictions covered by the Opinions of the American Bar Committee on Judicial Ethics, we feel that the mere acceptance of the office of city attorney should not preclude the holder thereof from engaging in the general practice of law and the defense of persons charged with violations of criminal statutes in justice courts and superior courts (1) so long as such representation does not conflict with the duties of the city attorney to represent the city, and (2) so long as such city attorney is not identified in the minds of the public with the prosecution of criminal cases."

defendant would not conflict with his duties as city attorney, and that he had not become identified in the public mind as a prosecutor.

The county attorney objected to the defendant's motion to join Mr. Karam as defense counsel and the trial court upheld the objection on the ground that there might be a conflict of interest at some future time.

The Constitution, Art. 2, § 24, A.R.S., and the Criminal Code, A.R.S. § 13-161, both accord a defendant in a criminal action the right to have counsel. We have also held that "representation by one's duly constituted attorney is fundamental to our system of administration of justice." Arizona State Dept. of Public Welfare v. Barlow, 80 Ariz. 249, 252, 296 P.2d 298, 300. And even though defendant may have been defended by other counsel does not deny his right to have counsel of his own choosing and as many as he deems proper to employ to defend him. Jackson v. State, 55 Tex.Cr.R. 79, 115 S.W. 262.

■ We therefore come to the question of whether it was proper for the trial court to deny the defendant the counsel of his choice on the ground of conflict of interests. It seems established that the only ones entitled to object to such representation on the ground of conflicting interests is one who holds the relation of client to an attorney who undertakes to represent conflicting interests. Riley v. Bradley, 252 Ala. 282, 41 So.2d 641; 7 C.J.S. Attorney and Client § 47, p. 827, note 20. In the present case, the city and the defendant were the only ones who could be said to hold such a relationship to Mr. Karam, and the city had given its permission for him to represent the defendant. There was also no evidence presented that Mr. Karam had become identified in the public mind as a prosecutor for the City of Nogales. Certainly the county has no standing to object on the conflict of interest ground since it did not hold an attorney-client relationship with Mr. Karam and thus could not have been prejudiced by his presence at the defense counsel table.

■■ The mere possibility of a future conflict of interests developing by an attorney representing different interests is not sufficient to disqualify him. In re Estate of Dayton, 246 Iowa 1209, 71 N.W.2d 429, 434; 7 C.J.S. Attorney and Client § 47, p. 825. It was therefore error for the trial court to deny defendant's motion to join Mr. Nasib Karam as defense counsel.

■ The defendant next contends that the trial court abused its discretion in denying the defendant's motion for a new trial on the grounds of misconduct and prejudice of juror Powell. He alleges that juror Powell, during the course of the trial: declared a prejudice against Mexicans; (2) talked and shook hands with several wit-

nesses for the State; (3) questioned the defendant in court on irrelevant and immaterial details of defendant's testimony; (4) turned his back towards the witness stand during the testimony of nine character witnesses presented by the defense; and (5) told his cousin and the jury that he thought the defendant was guilty. The record reveals that the trial court went to great lengths in determining whether such accusations were true. The court held several conferences in chambers and heard testimony from both sides concerning juror Powell's right to continue as a juror. After a careful review of the record we hold that the trial court did not abuse its discretion in denying a new trial on those grounds. We have stated many times that:

> " * * * great weight must be given to the ruling of the trial court on the question of granting or denying a motion for a new trial because of alleged misconduct of a juror. And the appellate court will not interfere with a matter so peculiarly within the knowledge of the trial judge unless an abuse of discretion exists * * *." Whitson v. State, 65 Ariz. 395, 399, 181 P.2d 822, 824; State v. Jordan, 83 Ariz. 248, 255, 320 P.2d 446, 450.

The defendant lastly assigns as error the trial court's refusal to grant a new trial based upon the improper cross-examination of the defendant.

The defendant testified on his own behalf during the trial, and near the end of the prosecuting attorney's cross-examination the following took place:

"Q. Mr. Garaygordobil, down at the preliminary hearing you stated that you were there during the entire procedure. It that correct? A. Yes.

"Q. And you maintain that you are innocent in this whole matter? A. Yes.

"Q. Why is it that you refused to take the witness stand at that preliminary hearing and let us know of your innocence?

"Mr. Haythornewhite: I want to move for a mistrial at this time. The defendant has every right, and is entitled constitutionally and in every other way not to take the stand. The County Attorney knows it, and we want to make our motion for mistrial at this time.

* * * * * *

"The Court: * * * you may proceed. The objection will be overruled.

"Q. Mr. Garaygordobil, would you please state whether or not you took the witness stand down at the preliminary hearing in this case on your own behalf? A. I did not.

"Q. And this is the first time your silence has been broken in this matter. Is that correct? A. That's right.

**166**

"Q. Why didn't you take the witness stand at the preliminary hearing? A. On the advice of my lawyers."

██ The Criminal Code, A.R.S. § 13-163, provides that a defendant in a criminal action may be a witness in his own behalf but the "defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings." The State contends that, having taken the witness stand in his own behalf, the defendant waived the protection of A.R.S. § 13-163 and Const. Art. 2, § 10, and was properly subject to be cross-examined as any other witness. It is true that the defendant having taken the witness stand in his own behalf, did waive the protection afforded him by the above mentioned provisions, and was subject to cross-examination as any other witness within the limits of the appropriate rules. The waiver is not partial, and once given extends to any prior *trial* where the defendant may have stood mute. The immunity doctrine of the law against self-incrimination is valid only in the trial where the defendant preserves it by refusing to testify and does not extend to a prior *trial*. Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054; State v. Marsin, 82 Ariz. 1, 307 P.2d 607; A.R.S. § 13-163, subd. A.

However, the defendant's failure to testify in this action occurred in the preliminary examination. In State ex rel. Mahoney v. Stevens, 79 Ariz. 298, 288 P.2d 1077, 1078, quoting from 22 C.J.S. Criminal Law § 331, p. 483, this Court adopted the following:

" 'A preliminary hearing, or as otherwise called a *preliminary examination, is not a trial,* in its ordinary sense, nor is the determination thereof a final judgment. It is simply a course of procedure whereby a possible abuse of power may be prevented, and accused discharged or held to answer, as the facts warrant.' " (Emphasis supplied.)

The fact that a preliminary examination and a trial are not the same and are governed by different rules is crucial to this issue.

██ The defendant's failure to take the stand in the preliminary examination was in no way an admission of guilt. He had a right to refuse to testify and such refusal could not be used against him at the trial.

"When the examination of the witnesses for the state is closed, the magistrate shall inform the defendant:

\*   \*   \*   \*   \*   \*

"3. That he may refuse to make any statement and that *such refusal may not be used against him at the trial,* but that if he makes such statement whatever he says may be given in evidence against him at the trial." (Emphasis supplied.) 17 A.R.S. Rules of Criminal Procedure, rule 24.

This right granted to the defendant under the rules of Criminal Procedure for preliminary examination is not waived by his taking the witness stand in his own behalf at the trial. It was clearly error for the trial court to permit such prejudicial evidence which raised an inference of guilt to come before the jury.

For the reasons stated above the judgment of the trial court is reversed and remanded for a new trial.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.