383 P.2d 862

**The STATE of Arizona, Appellee,**

**v.**

**Tom JOHNSON, Appellant.**

**No. 1287.**

Supreme Court of Arizona.

En Banc.

July 10, 1963.

**304**

R. Kelly Hocker, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Merton E. Marks, Asst. Atty. Gen., and Charles N. Ronan, County Atty. of Maricopa County, for appellee.

STRUCKMEYER, Justice.

Tom Johnson was convicted of two counts of illegally selling Marijuana in violation of A.R.S. § 36–1002. He appeals to this court from the verdict, judgment and sentence of the lower court.

Defendant assigns as prejudicial error the trial court's refusal to order testimony stricken concerning the defendant's failure to testify at his preliminary hearing. After the question had been asked and answered, defense counsel objected and moved that the answer be stricken and the jury instructed concerning it. The court sustained the objection. but did not strike the testimony or admonish the jury as to its effect.

Our statements in State v. Garaygordobil, 89 Ariz. 161, 359 P.2d 753, fully answer and are determinative of the question:

"The defendant's failure to take the stand in the preliminary examination was in no way an admission of guilt. He had a right to refuse to testify and such refusal could not be used against him at the trial.

" 'When the examination of the witnesses for the state is closed, the magistrate shall inform the defendant:

\*  \*  \*  \*  \*  \*

" '3.  That he may refuse to make any statement and that *such refusal may not be used against him at the trial,* but that if he makes such statement whatever he says may be given in evidence against him at the trial.' (Emphasis supplied.)  17 A.R.S. Rules of Criminal Procedure, rule 24.

"This right granted to the defendant under the rules of Criminal Procedure for preliminary examination is not waived by his taking the witness stand in his own behalf at the trial. It was clearly error for the trial court to permit such prejudicial evidence which raised an inference of guilt to come before the jury."  89 Ariz. at 166, 359 P.2d at 757.

Defendant further asserts that the trial court erred in allowing the state to introduce evidence of other crimes independent and distinct from the crimes charged. After the state had asked defendant on cross-examination, without objection if he had sold 3 Marijuana ciga-

rettes to a state's witness, Alfred Moore, seven days after the last sale charged in the information and had received a negative answer, defendant was asked by his counsel, on redirect examination, these questions:

"Q Now, Tom, *on any date,* you have stated before, stated to Mr. Roper that you—just answer the question—*did you ever sell any narcotics of any kind,* wait till I finish the question, *any narcotics of any kind to Alfred Moore?*

"A No.

"Q *Or anyone?*

"A No." (Emphasis supplied.)

Later the state in rebuttal, recalled Moore who over objection was allowed to testify concerning the purported later sale.

It has long been settled in this state that a witness can not be impeached by showing specific acts of misconduct not amounting to a conviction of a felony. State v. Polan, 78 Ariz. 253, 278 P.2d 432; State v. Harris, 73 Ariz. 138, 238 P.2d 957; State v. Singleton, 66 Ariz. 49, 182 P.2d 920; State v. Peters, 60 Ariz. 102, 131 P.2d 814.

For example we said in State v. Harris: "The majority of courts will allow on the cross-examination of the witness, specific acts of misconduct not sustained by a conviction to be shown which affect veracity. 3 Wigmore Evidence 550, § 983 (3d ed. 1940). But this court has allied Arizona with the minority of states by holding that on cross-examination specific acts of misconduct cannot be shown unless the witness has been convicted of that crime." 73 Ariz. at 142, 238 P.2d at 959.

Even if a witness is cross-examined without objection concerning past misconduct not amounting to a felony conviction and denys the misconduct, there may not thereafter be presented proof to impeach the witness on such a collateral issue. State v. Harris, supra.

The state, however, argues to this court a purported exception found in California whereby the state may be allowed to introduce evidence showing specific acts of misconduct not amounting to felony convictions when the defendant makes broad, all-inclusive statements that he never at any time committed an offense of the kind for which he is on trial. This exception is based on the theory of curative admissibility where the defendant has overemphasized his absolute innocence and the failure to rebut might be damaging to the state's case. People v. Whipple, 192 Cal.App.2d 179, 13 Cal.Rptr. 378; People v. Downs, 114 Cal.App.2d 758, 251 P.2d 369; People v. Lindsey, 90 Cal.App.2d 558, 203 P.2d 572; People v. Westek, 31 Cal.2d 469, 190 P.2d 9.

We think, however, that the prejudicial effects of showing specific acts of misconduct which are not sustained by a conviction are such as to greatly outweigh the purported damaging effect to the state's case. The danger is twofold: First, that the jury may conclude that the defendant is a "bad man" and convict on lesser evidence than might ordinarily be necessary to support a conviction, and second, that if the door is opened to such evidence, the defendant is in danger of having to defend every incident of an entire lifetime in a single trial. We adhere to our prior holdings rejecting the suggested exception.

This is not a case where the state offered the evidence for the substantive purpose of tending to prove the crime charged. See State v. Akins, Ariz., 383 P.2d 180 [June 27, 1963]. The state here recalled the witness Moore in rebuttal and the evidence was solely for the purpose of impeaching defendant's prior testimony. As such it was collateral impeachment and highly prejudicial.

■ Defendant's further assignments of error relate to the effect of an amendment to A.R.S. § 36–1002, the violation of which defendant was convicted. The statute was amended after the commission of the acts charged but prior to the trial and sentence by Chapter 1, Laws of 1961, First Special Session. Defendant argues that Chapter 1 repealed the crime of selling Marijuana, without a saving clause, and thus deprived the court of jurisdiction to try him for the offense. Contrary to defendant's contentions, the amended statute continues to forbid as a crime the act of selling Marijuana. A.R.S. § 36–1002.07.

■ It is further argued that since A.R.S. § 36–1020 which provided the punishment for violation of A.R.S. § 36–1002 was specifically repealed, the defendant could in no event have been sentenced to more than five years, the maximum term provided for upon conviction of a felony where no other punishment is specifically provided. A.R.S. § 13–1645. It is true that A.R.S. § 36–1020 was repealed but punishment was saved by A.R.S. § 1–246 and § 1–247:

"§ 1–246. Penalty altered by subsequent law; effect

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for a breach of the law committed before the second took effect, but the offender shall be punished under the law in force when the offense was committed.

"§ 1–247. Repeal of law and substitution of penalty; effect

"When by the provisions of a repealing statute a new penalty is substituted for an offense punishable under the law repealed, such repealing stat-

ute shall not exempt from punishment a person who has offended against the repealed law while it was in force, but in such case the rule prescribed in § 1–246 shall govern."

There is no merit to these assignments of error.

For the reasons stated above the judgment is reversed and the cause remanded for new trial.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concurring.