178 So.2d 306 (1965)
Preston E. DAVIS and Frederick J. Gisevius, Jr.
v.
Peter J. POELMAN and Poelman Aircraft Company, Inc.
No. 1852.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1965.
Rehearing Denied September 27, 1965.
Writ Granted November 15, 1965.
*307 Frederick J. Gisevius, Jr., Robert F. Shearman, John G. Discon, Thomas J. Malik, William G. Caldwell, Dennis L. Rousseau, New Orleans, for plaintiffs-appellants.
Adams & Reese, George V. Baus, New Orleans, for defendants-appellees American Fire & Casualty Co., Peter J. Poelman and Poelman Aircraft Co., Inc.
Chester A. Peyronnin, New Orleans, for defendants-appellees Peter J. Poelman, *308 Poelman Aircraft Co. and United Benefit Fire Ins. Co.
Before McBRIDE, CHASEZ and HALL, JJ.
CHASEZ, Judge.
This is an action by Preston E. Davis and Frederick J. Gisevius, Jr., co-owners of a Champion 7 EC Aircraft, for damages due to the destruction of the aircraft while in the possession of the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc. Also joined as defendants are the United Benefit Fire Insurance Company and American Fire and Casualty Company, who were the insurers of Peter J. Poelman and Poelman Aircraft Company, Inc.
The American Fire and Casualty Company insured the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., during the period from June 1, 1959, to June 1, 1960. From June 2, 1960, to August 1, 1960, the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., were uninsured. The United Benefit Fire Insurance Company had insured the defendants from August 1, 1960, to August 1, 1961.
The record reflects that the plaintiffs, Frederick J. Gisevius, Jr., and Preston E. Davis, were the only stockholders in Davis Aviation, Inc. On June 11, 1959, they sold all of their stock in said corporation to Peter J. Poelman. All parties to this agreement of sale recognized that Frederick J. Gisevius, Jr., and Preston E. Davis owned the Champion airplane, the subject of this litigation, and the said Peter J. Poelman agreed, as part of the consideration of said stock sale, that said plane would remain in his hangar without charge to the plaintiffs. The plaintiffs contend that the airplane was to be kept until other arrangements could be made; the defendant, Poelman, contends it was to be stored for a reasonable length of time or 90 days. In any event, the plaintiffs, and defendant Poelman, all testified that it was agreed by the parties that the keeping of the plane storage-free was part of the consideration for the sale of the stock of Davis Aviation, Inc.
The plane was kept in the hangar for three to five months after the sale. It was then moved out of the hangar and placed in outdoor storage in an area called the "apron." This was an area under the control of the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc.
During the period that the plane was in the care of Peter J. Poelman and Poelman Aircraft, all of the instruments and the engine were stolen; the aircraft was blown over and damaged twice by windstorms. As a result of the foregoing, it was totally destroyed. It was established, without doubt, that the above did occur but the respective dates of the occurrences are not clear, except the date that the plane was blown over by the second windstorm. The second windstorm was in late December of 1960.
The testimony reveals that some of the instruments may have been stolen while the plane was in the hangar. The engine was definitely stolen while the plane was tied in the open on the apron. The date of the theft of the engine was never established, nor was the theft reported to any law enforcement authority or to the owners of the plane. The date that the plane was blown over the first time by wind is likewise completely unknown. The plane was built of fabric and sustained weather damage during the period it was stored outside. The owners of the plane were not notified of its movement to the outside area or of any damage done to it. There is some evidence that the plaintiff, Preston E. Davis, was informed of the movement but we feel that the better view of the evidence is that the plaintiffs were unaware of the movement, as the trial court must have also decided.
The trial court rendered judgment in favor of the plaintiffs and against the defendants, Peter J. Poelman and Poelman *309 Aircraft Company, Inc., in solido for $3,500.00, with legal interest from date of judicial demand and costs. It rendered judgment in favor of the defendants, American Fire and Casualty Company and United Benefit Fire Insurance Company and against the plaintiffs. The court in its reasons for judgment found that the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., were compensated depositaries and that the plane was destroyed while in their custody through the absence of ordinary care. The court further stated:
"The evidence regarding the damage to the airplane does not establish with certainty when it occurred, that is whether or not it was within the period that The American Fire and Casualty Co.'s policy was in effect or whether or not it was in the period when The United Benefit Fire Insurance Co.'s policy was in effect or whether or not it occurred while the defendant, Poelman Aircraft Company, Inc., was uninsured. The record does not show the monetary amount of the damage on any given occasion and, accordingly, there can be no judgment against The American Fire and Casualty Co., or The United Benefit Fire Insurance Co."
From this judgment the plaintiffs appeal as to the dismissal of their suit against the defendant insurers; the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., also appeal.
In this court, the plaintiffs pray for judgment against the American Fire & Casualty Company and United Benefit Fire Insurance Company and in the alternative pray that the case be remanded for a rehearing limited to determining the dates of damage and the amounts of damage so that it may be determined whether a judgment should be rendered against the insurers. The defendants argue that Peter J. Poelman and Poelman Aircraft Company, Inc., were not compensated depositaries and are not liable for the damage sustained to plaintiffs' plane, and, in the alternative, the judgment should be reduced to $1,500.00.
The first question posed for our consideration is whether Peter J. Poelman and Poelman Aircraft Company, Inc., were compensated depositaries. The record clearly reflects that the consideration for the storage of the plane was the sale of the stock of Davis Aircraft, Inc., to Peter J. Poelman. This is admitted by all parties in their testimony, including defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., thus the question is answered affirmatively.
The next question then is whether the duty of care of a compensated depositary was breached. In Indiana Lumbermens Mut. Ins. Co. v. Humble Oil & R. Co., 170 So.2d 264 (La.App.1964), the court in discussing the duty of care of a bailee and the burden of proof in a bailee-bailor situation stated:
"* * * LSA-C.C. Art. 1908, Arts. 2937 and 2938 generally provide that the duty of the depositary or bailee is to use the same diligence in preserving the property entrusted to him that he would use in preserving his own property. When the bailor has shown that the property entrusted to the bailee was damaged and that such damages are inconsistent with the exercise of due care required of the depositary, the burden of proof then shifts to the bailee to show that the loss did not occur through his fault or negligence. It is only by establishing his lack of fault that the bailee can exonerate himself from liability for damage to the property. Kern v. Bumpas (La.App. 2 Cir., 1958) 102 So.2d 263; Brown & Blackwood v. Ricou-Brewster Building Company, Inc., 239 La. 1037, 121 So.2d 70 (1960) and numerous cases therein cited."
It is clearly established that component parts of the plane were stolen and *310 that the plane was twice blown over by wind while in the custody of Peter J. Poelman and Poelman Aircraft Company, Inc. We think that the evidence clearly indicates that the damage which occurred to the plane shows a lack of due care by the bailee. Therefore, a prima facie case has been established and the burden of proof shifts to the bailee to show that the loss did not occur through his fault or negligence. We are of the opinion that this burden has not been carried. The bailee in this case did not report the theft of the engine and instruments to any law enforcement agency or to the plaintiffs. There was such inadequate care and supervision of the plane that no one knew when the engine and instruments were stolen. Since the plane was made of fabric and sustained weather damage when it was moved to outside storage we think that this was also negligence for no notice to the owners was given of the change in storage. Furthermore, there is no explanation for the wind blowing the plane over twice. It can only be inferred (from testimony and pictures in the record) that the plane was inadequately tied down.
Therefore, the record amply supports the judgment against the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc. The plaintiffs, however, argue that the law regarding the burden of proof quoad a bailee should likewise apply to the defendant insurance companies in this case. They contend that the defendant insurance companies should be held in solido since they did not prove that the damage did not occur within their policy periods. We cannot agree with this contention. The defendant insurance companies herein had policy periods which were in effect at entirely different times. There is, furthermore a period of two months in which the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., were uninsured.
This case is unlike a case where a bailee would have one insurer during the period in which the damage occurred. In such a situation the defendant insurer would be in the same shoes regarding burden of proof as the insured. But here the plaintiff must prove by a preponderance of the evidence that the insurer is responsible for the damage. To do this he must first prove that the damage occurred during the period that the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., were insured by the respective insurers. In short, there is no question about the responsibility of Peter J. Poelman and Poelman Aircraft Company, Inc., for the damage to the plane for it clearly occurred sometime between June, 1959, and December, 1960. However, when during this period the damage occurred, and how much damages is due to theft of the engine as well as the instruments and the blowing over of the plane, is not clear. During this period the defendant, American Fire and Casualty Company insured defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., for approximately one year, then said defendants remained uninsured for two months and thereafter for one year Peter J. Poelman and Poelman Aircraft Company, Inc., were insured by United Benefit Fire Insurance Company. Since the defendant insurers' responsibility can only be predicated on the damage occurring during their policy period, we think that plaintiffs must not only prove by a preponderance of the evidence what damage occurred during the respective policy periods, but they must prove the amount of such damage, in order to permit the rendition of a proper judgment.
The record is devoid of any evidence which would prove that any damage occurred during the policy period of the American Fire and Casualty Company. The second windstrom occurred during the policy period of United Benefit Fire Insurance Company but the evidence does not indicate what, if any, damage was due to the second windstorm, nor does the record disclose dates that would indicate that the engine and instruments were stolen during this policy period. Even if it is assumed *311 that damage occurred due to the second windstorm there is no evidence relative to how much damage was attributable to it. For these reasons a judgment cannot be rendered against either of the defendant insurers.
The plaintiffs, however, plead that the case be remanded for a rehearing limited to determine the dates of the damage and the amount of damage which resulted from each incident. They contend that if they had the production of all of the documents in possession of defendants' counsel, Mr. Chester A. Peyronnin, that they would be able to prove the dates of incidents and the amount of damage which resulted. They contend since Mr. Peyronnin investigated this matter, served as defendants counsel, and took the stand to testify he therefore waived the attorney-client privilege. Plaintiffs ask that Mr. Peyronnin be ordered to turn over his complete file to them, including correspondence between him and his client. We do not believe this argument has any merit. In the first place, Mr. Peyronnin did not waive the attorney-client privilege by testifying for his direct examination was limited to identifying a picture of the plane which he took subsequent to the second windstorm. He also identified a demand letter in his file, of which a carbon had been introduced previously; Mr. Peyronnin had received the letter from the defendant, Peter J. Poelman, to whom it was addressed by the plaintiffs. On Mr. Peyronnin's cross-examination, the court allowed complete freedom of examination. The plaintiffs were allowed to ask Mr. Peyronnin questions regarding all findings of his investigation of the case. We do not believe that the production of Mr. Peyronnin's complete file would help the plaintiff; furthermore, we do not believe that within the law the production of his file could be ordered.
Plaintiffs contend that they were deprived of the production prior to trial of a statement made by Clifford A. Salaun which was not produced in response to a subpoena properly issued. It is true the statement had not been produced; however, this incident was amply explained. The statement was produced at the trial and its contents indicate that plaintiffs' case was in no way prejudiced by its nonproduction prior to the trial.
As a further argument for remand, plaintiffs contend that it was violation of public policy for the attorneys who were retained to represent the insurance companies to represent the defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., also. We find no necessity to pass on the question as to whether or not these attorneys were placed in a situation where a conflict of interest could arise contra to Canon Six of the "Canons of Ethics." We are of the opinion that the plaintiff has no standing to raise this issue. In 7 C.J.S. Attorney and Client § 47, p. 827, it is stated that: "Only a party who sustains a relation of client to an attorney who undertakes to represent conflicting interests may be entitled to object to such representation." See Murchinson v. Kirby, 201 F.Supp. 122 (S.D., N.Y. 1961); Riley v. Bradley, 252 Ala. 282, 41 So.2d 641 (1949); Otis & Company v. Pennsylvania R. Co., 57 F. Supp. 680 (E.D.Penn.1944); State v. Garaygordobil, 89 Ariz. 161, 359 P.2d 753 (1961); Forecki v. Kohlberg, 237 Wis. 67, 295 N.W. 7, 296 N.W. 619 (1940); Wenzel v. Werch, 256 Wis. 47, 39 N.W.2d 721 (1949); Van Veen v. Van Veen, 213 Iowa 323, 236 N.W. 1, 238 N.W. 718. We believe that the above majority rule is sound and that plaintiffs have no standing to raise this issue.
A remand of this matter would merely add more delay to this litigation as we do not believe that the plaintiffs can prove any facts in addition to those produced in the voluminous record before us which would be of material aid in its decision. They contend that in Mr. Peyronnin's file is contained the mysterious dates on which the damage occurred; however, Mr. Peyronnin, under oath, testified that he could *312 not ascertain the dates of the theft of the engine and instruments or when the first windstorm occurred. The trial was a very long, protracted affair and to remand the case, in our opinion, would serve no useful purpose.
The defendants, Peter J. Poelman and Poelman Aircraft Company, Inc., argue that the quantum allowed is excessive. We have reviewed this record and it is sufficient to say that we are of the opinion that the trial court was correct in awarding the amount it did. A detailed review of the testimony is unnecessary.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. The cost of appeal to be borne equally by plaintiffs and defendants, Peter J. Poelman and Poelman Aircraft Company, Inc.
Affirmed.