319 So.2d 351 (1975)
Preston E. DAVIS and Frederick J. Gisevius, Jr.
v.
Peter J. POELMAN and Poelman Aircraft Company, Inc.
No. 47981.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
*352 Robert F. Shearman, Dennis L. Rousseau, George M. Leppert, New Orleans, for plaintiffs-applicants.
George V. Baus, Adams & Reese, New Orleans, for defendant-respondent Am. Fire & Cas. Co.
DIXON, Justice.
This is an old case which we docketed for an attempted disposition. One defendant insurance company was placed in liquidation in the course of this suit; stay orders were issued at the request of the insurance commissioner after this court granted writs in November, 1965.
Suit was filed on May 24, 1961 by owners of a small airplance (Champion Traveler 7EC, 90 h.p.) against Poelman Aircraft Company, Inc. and its owner, Peter J. Poelman, for the value of the plane, destroyed while in the custody of defendants. The loss occurred between June of 1959 and December of 1960.
Two insurance companies were added as defendants in 1963: American Fire and Casualty Company of Orlando, Florida had issued a comprehensive aircraft sales and service policy to Poelman for the period June 1, 1959 to June 1, 1960; United Benefit Fire Insurance Company of Omaha, Nebraska had issued a similar policy to Poelman for the period August 1, 1960 to August 1, 1961.
The case went to trial in the spring of 1964. There was judgment in favor of plaintiffs and against Poelman and Poelman Aircraft Company, Inc. in solido for $3500.00, but plaintiffs' demands against the insurers were rejected. Plaintiffs and the defendants who were cast appealed, and the trial court's judgment was affirmed. Davis v. Poelman, La.App., 178 So.2d 306 (1965). On plaintiffs' application this court granted writs in 1965.
Before the case was docketed in this court, one defendant, United Benefit Fire Insurance Company, was declared insolvent and liquidation proceedings were initiated in Nebraska. Ancillary proceedings were begun in the Nineteenth Judicial District Court in Louisiana and proceedings in Louisiana were stayed by court order in the ancillary proceedings and by order of this court.
*353 The Louisiana ancillary liquidation proceedings were closed after a determination that there were not enough assets in Louisiana to justify an attempted distribution to claimants. The assets and files were transferred to Nebraska. Among the claims was that of plaintiffs. Plaintiffs were notified to furnish additional information. On July 13, 1972 plaintiffs' claim was denied because "claimant failed to substantiate his claim." There was no appeal by plaintiffs from this finding, and it became final under the Nebraska liquidation rules.
As far as we can determine, the litigants in this case have taken no steps in the Nebraska receivership to pursue their claim against the insolvent insurer, the liquidation of which is now in its final stages. This court will take no action which would interfere with the orderly liquidation proceedings. Since the ruling on the claim of plaintiffs against the insolvent insurer has become final, we will not disturb the judgment in favor of United Benefit Fire Insurance Company.
A review of the evidence establishes the following facts. Poelman was a compensated depositary. As part of the consideration for the sale of the Davis Aviation Corporation, Poelman agreed to keep plaintiffs' plane (which was specifically excepted from the sale of the company and its property) in the hangar. The duration of the storage was neither fixed nor discussed.
Within ninety days from the date of the agreement, plaintiffs' light, fabric covered plane (probably without its propeller) was removed from the hangar and tied down outside on an apron. Gisevius and Davis were not notified, although there is some testimony that Davis became aware some time later that the plane had been moved.
In the course of the next year the engine was stolen from the plane. The theft was not immediately discovered because the propeller was missing from the plane before the theft, and the cowl and a tarpaulin were replaced after the engine was removed.
After the theft of the engine the plane suffered severe wind damage; at some point its instruments were removed. The plane became practically worthless junk.
The dates of the incidents which damaged the plane are not ascertainable from the record, except that the second windstorm affecting the plane occurred in December 1960.
Plaintiffs did not learn of the damage until after the destruction of the plane. Poelman did not keep records of the incidents; he took no steps to minimize the loss nor to notify the plaintiffs.
We granted writs in this case because it appeared that depositors, given a judgment against their compensated depositary, were denied recovery from the depositary's liability insurers merely because the plaintiffs-depositors could not establish the date of the loss, a matter which should have been within the knowledge of the insured depositary. We were aware of the policy of this State that liability policies "are executed for the benefit of all injured persons . . . to whom the insured is liable . . ." R.S. 22:655. The same statute, however, provides that a direct action against an insurer is subject to any defenses the insurer might have raised in an action by the insured.
The defense here is that there is no evidence that the loss occurred while American's policy, which expired June 1, 1960, was in force. The Court of Appeal found that, "The record is devoid of any evidence which would prove that any damage occurred during the policy period of the American Fire and Casualty Company." 178 So.2d 306, 310.
That factual finding is not strictly correct. In clear violation of Poelman's agreement, the plane was moved from the hangar to the apron and exposed to the elements *354 about three months after the sale of the company. There was evidence that the plane's propeller was not attached to the plane at that time; no evidence of its subsequent existence was ever adduced. The Court of Appeal found that there was some evidence that some of the instruments were stolen before the plane was removed from the hangar.
Both courts below found that American could not be cast because of lack of definite proof of the dollar amount of damages occurring within the policy period. Our interpretation of the policy makes it unnecessary to decide whether the burden of going forward with the proof lay with plaintiffs or with American.
Relevant clauses of American's policy are as follows:
"Coverage CHangarkeeper's Liability
To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of theft, injury to or destruction of aircraft or aircraft parts caused by an occurrence, including the loss of use thereof, which are in the care and custody of the Insured and which are the property of others and are in or on the premises occupied by the named Insured at the airport designated in the Declarations for the purpose of storage, repair or safe keeping."
"V Policy Period, Territory, Purposes of Use
. . . . . .
"Under Coverage C, this policy applies only to occurrences during the policy period at the premises described in the Declarations.
. . . . . .
"1. Definitions
. . . . . .
"(b) Occurrence. The word `occurrence' means an accident, or a continuous or repeated exposure to conditions, which results in injury during the policy period, provided the injury is accidentally caused. All damages arising out of such exposure to substantially the same general conditions shall be deemed to arise out of one occurrence."
The cause of plaintiffs' loss was Poelman's violation of the agreement to store the plane in the hangar, an "occurrence" which took place during the policy period. There was ample evidence that damage occurred to the fabric plane from its unprotected exposure on the apron. By the very terms of the policy, "All damages arising out of such exposure to substantially the same general conditions shall be deemed to arise out of one occurrence."Since the "occurrence" was well within the period of American's policy, it cannot escape coverage.
For these reasons, the judgments of the courts below in favor of American Fire and Casualty Company are reversed, and there is now judgment in favor of plaintiffs, Preston E. Davis and Frederick J. Gisevius, Jr., and against defendants, Peter J. Poelman, Poelman Aircraft Company, Inc. and American Fire and Casualty Company of Orlando, Florida, in solido, in the amount of $3500.00, with legal interest from date of judicial demand and all costs; the judgment rejecting plaintiffs' demands against United Benefit Fire Insurance Company is affirmed.