362 So.2d 1206 (1978)
AMERICAN AUTOMOBILE ASSOCIATION, INC.
v.
GLOBE INDEMNITY COMPANY.
No. 9360.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
*1207 Frank J. Varela, New Orleans, for plaintiff-appellant, American Automobile Association, Inc.
Bernard, Micholet & Cassisa, Joseph S. Palermo, Jr., Metairie, for defendant-appellee, Globe Indemnity Co.
Before SAMUEL, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
This declaratory judgment action was brought by American Automobile Association, Inc. (AAA) against Globe Indemnity Company because of Globe's failure to defend AAA in a suit brought against it, and for denial of coverage under a comprehensive general liability policy. Both AAA and Globe moved for summary judgment, and AAA lodged this devolutive appeal after summary judgment was granted in favor of Globe and AAA's motion for summary judgment was denied.
AAA was the local retailer for a tour of the Orient in 1973, organized and conducted by Dynimex-Pacifex Tours, Inc. Certain members of that tour (six couples, referred to collectively as "Cook") filed suit against AAA and Dynimex on October 4, 1974 in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, under Docket Number 168-103, styled "Cook, et al. v. AAA Worldwide Travel Agency, a division of American Automobile Assoc. of La., and Dynimex-Pacifex Tours, Inc.," alleging damages for mental pain and anguish, physical pain and suffering, and additional expenses incurred as a result of AAA and Dynimex's breach of contract and/or negligence in the operation of the tour. The original petition alleged that AAA was acting as a representative of Dynimex; however, a supplemental petition was filed to allege, in addition, as follows:
"[AAA] was acting as a principal in the course and scope of its authority for itself and for its co-obligor, DYNIMEX-PACIFEX TOURS, INC. . . . in all respects and that such relationship between AAA WORLDWIDE TRAVEL AGENCY. . . and DYNIMEX-PACIFEX TOURS, INC. . . . was in fact acting as joint venturers or partners and in the alternative that AAA WORLDWIDE TRAVEL AGENCY . . . was acting within the course and scope of its representation of DYNIMEX-PACIFEX TOURS, INC. . . . ." Record, p. 16.
AAA notified defendant Globe of this claim and tendered to Globe the defense of the suit, based on Globe's Comprehensive Business Policy No. GYB 657576, issued to AAA for the policy period 8-1-72 to 8-1-75. Globe denied coverage under the policy for the Cook claims due to AAA's alleged "breach of contract and/or negligence" concerning the tour, and therefore Globe refused to defend AAA in this action. The present suit for declaratory judgment has resulted.
Globe filed an answer in this action, denying coverage and alleging the "terms, limitations, and conditions" of the policy. AAA filed a motion for summary judgment based on its assertion that, taking all of the allegations of the Cook petition as true, there is coverage under Globe's policy, and thus that Globe is under the broad duty to defend AAA against this suit, regardless of whether the claims are ultimately shown to be "groundless, false, or fraudulent." This motion for summary judgment was denied.
Likewise, Globe filed a motion for summary judgment in the suit, seeking dismissal of AAA's suit, or alternatively, dismissal of the supplemental relief sought by AAA. Globe asserted that its policy unambiguously excluded coverage so that there was no duty to defend. Specifically, Globe claimed that the policy's "contractual liability" exclusion was applicable so as to preclude coverage, that the policy's "business risk" exclusion applied so as to preclude coverage, and that Cook's petition failed to allege an "occurrence" within the policy language.
*1208 Alternatively, Globe denied that the supplemental relief sought by AAA (an order directing Globe to assume AAA's defense in the Cook case and to pay AAA for the costs already incurred in defending that suit) was available under the Louisiana declaratory judgment articles (C.C. Articles 1871-1875). All these points were thoroughly argued in the memoranda filed by the parties in support of their respective motions for summary judgment.
After a hearing on these two motions for summary judgment, Globe's motion was granted, thereby dismissing AAA's suit. The trial judge entered oral reasons for judgment, as follows, to indicate the bases for his judgment.
"The Court has read the exclusion in the policy at issue here issued by Globe to AAA and under exclusions this is provided,
"`This insurance does not apply:
"`To liability assumed by the insured under any contract or agreement [emphasis added by the Court] except an incidental contract but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.'
* * * * * *
"The incidental contracts are further explained in the policy under definitions, to read as follows: `Incidental contract means any written (1) lease of premises, (2) easement, agreement, exception in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement.' It's obvious to the Court none of these definitions of incidental contract apply to the facts at issue in this case.
"The contract of insurance between AAA and Globe further provides in the very beginning that this coverage A and B insurance agreement is, number one, bodily injury liability and property damage liabilityto which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damageso forth.
"The point is, as the Court sees it, that the insuring agreement defines the fact that the insurer will defend for bodily injury or property damage liability arising from an occurrence. An occurrence, on Page 3 of the insuring agreement under Roman Numeral V, Definitions, is defined as follows: `Occurrence means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured.' Taking all of the above into consideration and in considering the petition and the original petition and supplemental petition, this Court finds that the original petition is labeled breach of contract, that is, as it pertains to AAA although the petition there referring to the breach of contract the plaintiff entered into with AAA, the contract is referred to over and over as pointed out by astute counsel for mover, Globe, Mr. Palermo, it is not until we get down to Article 9B in the original petition, Subsection J, where negligence is mentioned for the first time and that is where it goes, `Due to the negligence of Dynimex-Pacifex Tours (the co-defendant of AAA) by overbooking the tour, petitioners were placed on flights,' et cetera, et cetera. Now, the defendant apparently, I mean the plaintiff, apparently realized some time later that they hadn't covered all the bases and they made a very valiant effort to bring them under the Czarniecki case by amending the petition in which they alleged everything they could think of, apparently, and I don't blame them. Wait, wait, strike that.
"In Article 7 of the original petition, which counsel for AAA grounds a good part of his argument on, apparently he argues that he's brought himself under *1209 Czarniecki because it says in Article 7, `As a result of the defendant's breach of contract and/or negligence, your petitioner suffered physical pain and suffering,' and goes on to say what it is. Now, the Court just cannot buy this, that out of the original petition with this contract being talked about, labeled throught the entire petition, with AAA, and negligence being talked about with the co-defendant, Dynimex, that the fact that you throw in the word, `and/or negligence,' and make it in the same sentence where you have a plural possessive of defendants, that this is anything imagined by the writers of the Czarniecki decision, because it's obvious to the Court that the negligence is aimed at the Dynimex Corporation. There's not one specific thing of negligence named to AAA and the entire petition is based on contract.
* * * * * *
"The Court feels that the entire thrust of both the amending and supplemental petition is at the breach of contract between AAA and the plaintiffs. And any damages or anything resulting to the petitioners from the actions of AAA or anything they've tried to claim in any petition happened to them as a result of AAA are still the result of AAA breaching the contract with them. Nowhere is there an `occurrence' stated which can bring them under the provisions of their contract with Globe by which Globe would have to defend them, and again this policy does not appear to be a policy which covers anything for which you might be, your negligence might be answerable. It specifically says they're liable for any occurrence and an occurrence is specifically designated an accident." Supplemental Record, pp. 6-12.
In its brief on this appeal, AAA discussed fully all of these arguments to show why there was no unambiguous exclusion of coverage for this situation in Globe's policy, so as to relieve Globe of its duty to defend. However, in its reply brief, Globe abandoned its previous arguments that either or both of the "contractual liability" and "business risk" exclusions unambiguously apply to this case. Rather, Globe now limits its defense, and its argument on appeal, to the issue of whether the Cook petition properly alleged an "occurrence" within the policy.
Consequently, the other arguments will not be discussed at any length. The "contractual liability" exclusion in the Globe policy would clearly apply if the Cook lawsuit had been brought strictly on the basis of breach of contract. However, although the trial judge was correct in perceiving that the real thrust of the Cook suit against AAA was for breach of contract, there are also allegations of negligence in the petition and the damages sought clearly sound in tort rather than in contract. Thus, applying the rule that the duty to defend is determined by assuming the truth of all the allegations in a petition, Globe is not relieved of the duty to defend the Cook suit because of the "contractual liability" exclusion. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969).
The "duty to defend" rule was clearly stated by the Louisiana Supreme Court in Czarniecki:
"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App.1967).
Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Benoit v. Fuselier, ibid." 230 So.2d at 259.
*1210 This rule has been followed by the courts ever since it was pronounced. See Kendrick v. Mason, 234 La. 271, 99 So.2d 108 (1958); Jackson v. Lajaunie, 270 So.2d 859 (La.1972); Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir. 1975), writ refused 328 So.2d 887; Home Insurance Company v. Doe, 321 So.2d 24 (La.App. 3rd Cir. 1975); Mut v. Newark Insurance Company, 289 So.2d 237 (La.App. 1st Cir. 1973), cert. denied, 290 So.2d 910 (La.).
From the above-cited cases, it is obvious that if the policy unambiguously excludes coverage under the allegations of the petition, there is no duty to defend.
Turning to the issue presented here, as to whether the complaints contained in the Cook petition constituted an "occurrence" within the limits of the policy, it is necessary to look at the Cook allegations and the applicable provisions of the policy. The Globe policy contained the following general stipulation, requiring an "occurrence":
"1. INSURING AGREEMENTS
COVERAGE ABODILY INJURY LIABILITY
COVERAGE BPROPERTY DAMAGE LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
Coverage A. bodily injury or
Coverage B. property damage
to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements." Record, p. 37.
The following were the allegations made by the Cook petition:
"a) [There were] seventy-two (72) members [on] the tour instead of thirty (30) members as guaranteed by the representative of AAA WORLDWIDE TRAVEL AGENCY, a division of AMERICAN AUTOMOBILE ASSOCIATION OF LOUISIANA;
b) Meal coupons which were included in the purchase price of the tour, were not recognized by the various countries thereby necessitating additional expenses by your petitioners;
c) Service charges and taxes which were to be included in the purchase price had to be paid individually by your petitioners;
d) Tour guides representing DYNIMEX-PACIFEX TOURS, INC. specifically stated that your petitioners were not expected on this tour and therefore they would not be considered as part of the tour and would not be guaranteed an escorted tour;
e) After an exhausting flight from Seattle, Washington to Tokyo, your petitioners were not granted the leisure time as indicated by the brochure;
f) Upon arrival in Tokyo at dusk, your petitioners were hurried through the city on an alleged tour of the city and were not granted the leisured and informative tour as guaranteed in the brochure;
g) Both tours of the city of Tokyo and other countries as guaranteed by the brochure were eliminated;
h) Your petitioners were not placed in the luxury hotels as indicated by the brochure, on the contrary, they were placed in hotels in inconvenient sections of the city and in Bangkok, were placed in a hotel where their safety could not be guaranteed;
i) The tour guides indiscriminately changed their flight schedules thereby necessitating long waits in airports eliminating valuable shopping time that was guaranteed by the defendants;

*1211 j) Due to the negligence of DYNIMEXPACIFEX TOURS, INC. by overbooking the tour, petitioners were placed on flights in which they were unable to be served meals;
k) Much leisure time and shopping time guaranteed by the defendants were eliminated;
l) Three days promised the plaintiffs in Hawaii were reduced to two days and instead of having all the conveniences in Hawaii prepaid as indicated by the defendants, the parties discovered that none of the services, meals or accommodations were paid and had to incur this expense themselves:"
Record, pp. 12-13.
To constitute an "occurrence," the above complaints must be either an "accident" or an "injurious exposure to conditions," as found in the policy definition of "occurrence":
"V. DEFINITIONS
* * * * * *
`occurrence' means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." [Emphasis added.] Record, p. 39.
The trial judge, in his Reasons for Judgment, found that there was no "occurrence" because that is specifically defined as an accident, whereas the allegations here were of violations of the tour agreement, not an "accident." This is true, but it overlooks the second definition of "occurrence" as "injurious exposure to conditions." With no further explanation, it would seem reasonable that this definition would cover the allegations here. In its memorandum in support of its motion for summary judgment, Globe argues that this terminology was contemplating "repeated contact with unhealthful conditions, such as an industrial worker's contraction of silicosis due to his exposure to silicone particles in the atmosphere, or a burn injury to a patient from over-exposure to gamma rays during X-ray treatment." Record, p. 175. This may well have been the intended construction of this language by Globe, but it certainly is not unambiguous. The ordinary person cannot be held to know what Globe was contemplating with this language. As was said in Levy v. Duclaux, supra:
"An insurance policy is a contract between the company and its insured and its interpretation must be based upon what an ordinary person would understand from the words of the policy. It cannot avail the insurer any consolation if it intended something which is not clearly expressed. Any ambiguity must be construed against the insurer." 324 So.2d at 10.
In the Levy case the insurer, to support its position, was attempting to show that it was not its intention to include mental anguish and other emotional damages within "bodily injury" coverage.
Thus, it seems reasonable to conclude that the acts and omissions complained of here are within "injurious exposure to conditions" as would be understood by the ordinary reader, and should therefore be included within that definition of "occurrence."
There are very few cases construing "occurrence." In Davis v. Poelman, 319 So.2d 351 (La.1975), the destruction of an airplane due to the failure of defendant to store it safely from the elements was held to be an "occurrence." However, the policy definition in that case was somewhat more specific, giving slightly broader coverage.[*] Clearly, the Court found that continuous exposure to the elements and vandalism constituted an "occurrence," and although the policy with which we are presented here does not specifically state that "all damages *1212 arising out of such exposure to substantially the same general conditions shall be deemed to arise out of one occurrence," the reasoning of the case is significant.
Globe had a duty to defend AAA based on the allegations of the Cook petition. There is no unambiguous exclusion of coverage as required by Czarniecki, and the summary judgment in favor of Globe was improperly granted.
For the foregoing reasons, the judgment in favor of Globe is annulled and reversed. The case is remanded to the District Court for further proceedings consistent with law and with this opinion.
REVERSED AND REMANDED.
NOTES
[*] That definition reads as follows:

"`(b) Occurrence. The word "occurrence" means an accident, or a continuous or repeated exposure to conditions, which results in injury during the policy period, provided the injury is accidentally caused. All damages arising out of such exposure to substantially the same general conditions shall be deemed to arise out of one occurrence.'" Davis v. Poelman, 319 So.2d at 354.