BYRNES, Judge.
This is an appeal from the granting of a motion for partial summary judgment. We affirm.
In June and July 1976, plaintiff-appellants, Luther and Nora Lee Barr entered into a series of building contracts with Cool Vue Aluminum for the construction of a patio addition to their home. Work was completed in August 1976 and almost immediately the Barrs began to notice defects in the addition, some of which caused damage to the original structure. Suit was filed against Cool Vue which joined its insurer, Sentry Insurance Co., as a third party defendant. The Barrs amended their petition to name Sentry as a defendant in the main demand. Sentry responded with a motion for partial summary judgment, admitting liability under its policy for damages to the original structure and its duty to defend Cool Vue against those claims, but denying liability for defects in the addition or any duty to defend Cool Vue against such claims.
In its motion for summary judgment Sentry prayed for dismissal of all claims by either the Barrs or Cool Vue for defects in the addition and of Cool Vue’s claim that Sentry owed a duty to defend Cool Vue against such claims.
The basis of Sentry’s motion was the contention that its policy with Cool Vue specifically excluded coverage for defects in the addition. The exclusion on which Sentry relied reads as follows:
[This insurance does not apply;]
(a.) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warrant of fitness or quality of the named insured’s products or warranty that work performed by or on behalf of the named insured will be done in a workman like manner;
(N) To property damage to the named insured’s product arising out of such products or any part of such products;
(O) To property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.”
The Barrs and Cool Vue contend that exclusions (n) and- (o) are ambiguous and in conflict with exclusion (a). We find this contention to be without merit.
In Vitenas v. Centanni, 381 So.2d 531 (La.App. 4th Cir.1981), this court found identical provisions to be unambiguous and applied them as written to exclude coverage for similar damage. In analyzing the exclusions the court held:
Primarily we find no conflict in these exclusions. Exclusion (a) is simply contained within itself, and the remainder of that exclusion does not apply to the policy generally, only to the effect of that liability assumed except [by] an incidental contract.
Applying this analysis to the case at hand it appears that Cool Vue’s policy with Sentry does not apply to damages caused by defective work or by defective products used in that work and thus summary judgment on this issue was correctly granted.
As to the other exclusions we note that to trigger liability there must first be an occurrence as defined in the policy. The exclusions in question define which occurrenc *1163 es are covered and which are not. In this case the defects which relate to the motion before this court fall squarely within the risks excluded by sections (n) and (o) of the policy.
If there is no coverage with regard to the patio addition it is difficult to conceive how a duty to defend Cool Yue against the Barr’s claims could arise. This is not a case where a policy provides coverage but the validity of the claim is questionable. In this case the damage for which recovery is sought is specifically excluded from the policy in question. In such a situation there is no duty to defend. American Automobile Association v. Globe Indemnity Co., 362 So.2d 1206 (La.App. 4th Cir.1978).
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.