KLEES, Judge.
Plaintiffs appeal the district court’s summary judgment dismissing their claim against defendant Boston Old Colony Insurance Company. We affirm.
This case arises from a family’s dissatisfaction with the burial benefits afforded a deceased family member, Alfred Brooks. At the time of his death on September 26, 1985, Mr. Brooks was the owner of a funeral insurance policy issued by the Du-plain W. Rhodes Funeral Home. According to plaintiffs’ petition, the policy provided for a casket, two limousines, a shroud, embalming, the use of a funeral parlor and services of a funeral director, hearse service, and recording of all certificates of burial. When the policy was presented, the funeral home representative showed plaintiffs a casket which they allege was not large enough to enclose the body without the lid pressing upon the deceased’s face. Plaintiffs rejected this casket, which was of the type provided for in the policy, and agreed to purchase an alternative one. Plaintiffs allege that after selecting another casket, they were presented with an itemized bill for the funeral services total-ling $2,878.76, which included fees for embalming, two limousines and a hearse, and the services of the funeral director and staff. Plaintiffs paid this bill subject to a $125.00 credit representing the benefit value of the policy.
Plaintiffs sued Duplain Rhodes alleging breach of contract and violation of R.S. 51:1401 et seq., the Louisiana Unfair Trade Practices and Consumer Protection Law. Damages sought included restitution of the amount paid for the funeral as well as compensation for mental anguish, stress, and worry. In a supplemental and amending petition, plaintiffs added Boston Old Colony Insurance Company, the liability insurer of Duplain Rhodes, as a defendant under the direct action statute.
Boston Old Colony moved for summary judgment on the grounds that the liability policy, as a matter of law, does not provide coverage for the damages sought by plaintiffs. After a hearing, the district judge granted defendant’s motion and dismissed the case against Boston Old Colony.
The sole issue on appeal is whether the policy issued by Boston Old Colony provides coverage to Duplain Rhodes under the undisputed facts of this case. After reviewing the record, we agree with the trial court that it does not.
The operative language of the policy is as follows:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage *143 to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage....

Exclusions

This insurance does not apply:
(a) to liability assumed by the insured under any contract or agreement except an incidental contract....
(Emphasis in the original.) The policy further defines “occurrence” as “an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.” (Emphasis in the original). Plaintiffs argue that the conduct of Du-plain Rhodes fits this definition of “occurrence.” We disagree.
Plaintiffs’ petition alleges only breach of contract and violation of the Unfair Trade Practices and Consumer Protection Law, which prohibits fraudulent or deceptive conduct. There are no allegations relating to accidental injury or damage neither expected nor intended by the insured. Although it is true, as plaintiffs have pointed out in their brief, that a breach of contract does not necessarily have to be intentional, the fact is that their petition alleges only intentional acts. For instance, plaintiffs allege that Duplain Rhodes’ representatives “displayed to plaintiffs a totally unsuitable casket, knowing well that plaintiffs would find this casket unsuitable,” (Original petition, paragraph 23) and that “[defendants took advantage of the grievous occasion of Alfred Brooks’ death to confuse, mislead, and deceive plaintiffs into thinking they had no coverage under the [burial] policy....” (Petition, paragraph 24). We cannot accept plaintiffs’ argument that these same actions alleged in the petition, which clearly reflect deliberate, intentional behavior, should nevertheless be considered “an accident ... which results in bodily injury or property damage neither expected nor intended” by Duplain Rhodes.
We recognize that our courts in certain instances have broadly interpreted the term “occurrence” in such a way that it is not limited to strictly accidental events. For example, it has been held that reckless behavior which results in injury can qualify as an occurrence under a liability policy. See, e.g.: Pique v. Saia, 450 So.2d 654 (La.1984). In addition, the courts have expanded the term “occurrence” by focusing on its definition as a “continuous or repeated exposure to [injurious] conditions.” See American Automobile Association, Inc. v. Globe Indemnity Company, 362 So.2d 1206 (La.App. 4th Cir.1978). Plaintiffs rely heavily on the American Automobile Association decision, in which we held that this injurious exposure to conditions included allegations by dissatisfied customers of a travel agency that they were subjected to an exhausting flight with no leisure time, were not served meals on some flights, and were placed in hotels in inconvenient and unsafe areas of cities. 362 So.2d at 1211-1212.
We find American Automobile Association to be distinguishable from the instant case, however. In that case, the petition contained allegations of both negligence (in overbooking the tour) and breach of contract, and we noted that the damages sought clearly sounded in tort rather than in contract. Id. at 1209. In the instant case, there are no allegations of negligence. Moreover, the only damages plaintiffs seek are for mental anguish, stress and worry under Civil Code article 1998 (non-pecuniary loss caused by breach of contract) and under R.S. 51:1401 et seq., for unfair and deceptive trade practices. Therefore, we conclude that the trial court correctly granted summary judgment to Boston Old Colony because there is no “occurrence” alleged in the petition that would trigger coverage under the liability policy.
Plaintiffs also argue that the policy applies because the funeral policy is an “incidental” contract which does not fall under the exclusionary clause of the liability policy. We do not reach this issue because the liability policy only provides coverage when there is an occurrence that causes injury or damage for which the insured has assumed *144 liability under an incidental contract. As we have found no such occurrence, we decline to address the question of whether the burial policy is an incidental contract. For the same reason, we do not address the issue of whether the mental distress alleged by plaintiffs constitutes “bodily injury” within the terms of the liability policy.
Accordingly, for the reasons stated, we find that as a matter of law, the liability policy issued by Boston Old Colony Insurance Company to Duplain W. Rhodes Funeral Home does not provide coverage to Duplain Rhodes for any liability that may result from the allegations of plaintiffs herein. Therefore, we affirm the district court’s summary judgment dismissing plaintiffs’ action against Boston Old Colony Insurance Company.
AFFIRMED.